UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

AMAL BAKHRONOV,

      Petitioner,

v.                                                                      No. 6:26-CV-00203-H

WARDEN, EDEN DETENTION
CENTER,

      Respondents.

## **ORDER**

Petitioner moves to voluntarily dismiss his petition for writ of habeas corpus because he has been transferred to a facility located in California, and it is "no longer practical" to continue this action in this Court. Dkt. No. 9. Petitioner raises essentially the same grounds for dismissal as he did in his previous motion to transfer venue—which this Court denied. *See* Dkt. Nos. 7, 8. In short, Petitioner seeks to avoid a merits determination from this Court so that he may refile in the appropriate district court in California with the assistance of counsel. *See* Dkt. No. 9. But as explained below, the motion is denied.

Federal Rule of Civil Procedure 41(a) permits a plaintiff to dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or with a stipulation of dismissal filed by all parties who have appeared. Rule 41(a) may be applied in a habeas proceeding. *See* Rule 11 of the Rules Governing Section 2254 Cases; *Kramer v. Butler*, 845 F.2d 1291, 1294 (5th Cir. 1988). Here, because Respondent has answered and has not stipulated to the motion, dismissal is permitted "only by a court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

"If the plaintiff's right to dismiss by notice or stipulation has expired, dismissal is within the discretion of the district court."  C. Wright & A. Miller, *Federal Practice and Procedures: Civil* § 2364 (4th ed.) (footnotes omitted); *see also Kramer v. Butler*, 845 F.2d 1291, 1294 (5th Cir. 1988).  "In determining whether to grant a dismissal, the principal consideration is whether the dismissal would prejudice the defendant.  If a dismissal would unfairly prejudice the defendant, then the plaintiff's motion to dismiss should be denied." *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985); *Wammel v. United States*, No. 4:22-CV-842, 2025 WL 2015390, at *1 (E.D. Tex. July 18, 2025).  Particularly relevant here, "after the [petitioner] has concluded his evidence," Rule 41(a)(2) requires "an especially strong showing . . . to warrant voluntary dismissal without prejudice."  *Kramer*, 845 F.2d at 1294.

Petitioner fails to make the strong showing required for voluntary dismissal without prejudice at this stage.  First, the procedural posture of this case counsels against granting a voluntary dismissal without prejudice.  *See Kramer*, 845 F.2d at 1294.  Indeed, the government has filed its response, Dkt. Nos. 5–6, and the time for Petitioner to file his reply and conclude his evidence has passed.  Thus, the bar for granting dismissal is necessarily higher.  Second, as explained in the order denying Petitioner's motion to transfer venue, Petitioner's transfer to a different detention facility does not affect the Court's jurisdiction. *See* Dkt. No. 8.  Thus, because Petitioner was confined in the Eden Detention Center when he filed his petition, the Court maintains jurisdiction over it.

In sum, this case is ripe for review and dismissing the action at this late stage, simply for Petitioner to restart the process in another jurisdiction, would undermine judicial

efficiency.  Thus, the Court sees no compelling reason to grant voluntary dismissal without prejudice.  The motion to dismiss is denied.

This case remains pending, briefing is complete, and the Court will consider the petition in due course.

So ordered on July 15, 2026.

James Wesley Hendrix
United States District Judge